UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LUIS FELIPE SANDOVAL, JR.,

      Plaintiff,

v.                                Case No.:  2:21-cv-52-JLB-MRM

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

_____/

## REPORT AND RECOMMENDATION

      Defendant, the Commissioner of Social Security (the "Commissioner"), filed

an Unopposed Motion for Entry of Judgment with Remand on July 19, 2021.  (Doc.

14).  The Commissioner requests remand under sentence four of 42 U.S.C. § 405(g)

for the following reasons:

> The Commissioner believes that remand would be appropriate for further administrative proceedings. Specifically, the Administrative Law Judge (ALJ) should: (1) further assess Plaintiff's residual functional capacity; (2) in doing so, further consider the medical opinions and prior administrative medical findings; (3) obtain supplemental evidence from a vocational expert; (4) offer Plaintiff the opportunity for a hearing; (5) take any other action necessary to complete the administrative record; and (6) issue a new decision.

(*See id.* at 1).

      The Commissioner advises that Plaintiff's counsel does not object to the relief

requested.  (*Id.*).

Under sentence four of 42 U.S.C. § 405(g), the Court has the "power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."  42 U.S.C. § 405(g).  When a case is remanded under sentence four of § 405(g), the district court's jurisdiction over the plaintiff's case is terminated.  *Jackson v. Chater*, 99 F.3d 1086, 1095 (11th Cir. 1996); *Sullivan v. Finkelstein*, 496 U.S. 617, 625 (1990) (finding that a district court's order remanding under sentence four of § 405(g) "terminated the civil action challenging the Secretary's final determination that respondent was not entitled to benefits").

"Immediate entry of judgment (as opposed to entry of judgment after postremand agency proceedings have been completed and their results filed with the court) is in fact the principal feature that distinguishes a sentence-four remand from a sentence-six remand."  *Shalala v. Schaefer*, 509 U.S. 292, 297 (1993).

A remand under sentence four of § 405(g) "is based upon a determination that the Commissioner erred in some respect in reaching the decision to deny benefits."  *Jackson*, 99 F.3d at 1095.  Here, the Commissioner concedes error by requesting a reversal of the Commissioner's decision.

Accordingly, the Undersigned **RESPECTFULLY RECOMMENDS** that:

1.     The presiding United States District Judge enter an Order **GRANTING** the Unopposed Motion for Entry of Judgment with Remand (Doc. 14).

2.      The decision of the Commissioner be **REVERSED** and this case be

**REMANDED** under sentence four of 42 U.S.C. § 405(g) for further administrative

action consistent with the Unopposed Motion for Entry of Judgment with Remand.

(*See* Doc. 14 at 1).

3.      The Court:  (1) suspend application of Local Rule 7.01 in this action;

(2) instruct Plaintiff that a motion for fees and costs must be filed as a single motion

requesting a determination of both entitlement and amount; and (3) instruct Plaintiff

that if he prevails on remand, Plaintiff must comply with the November 14, 2012

Order (Doc. 1) in Case Number 6:12-mc-124-Orl-22.

5.      The Clerk of Court be directed to enter judgment accordingly, terminate

any pending motions and deadlines, and close the file.

**RESPECTFULLY RECOMMENDED** in Chambers in Ft. Myers, Florida

on July 19, 2021.

Mac R. McCoy
United States Magistrate Judge

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the

Report and Recommendation's factual findings and legal conclusions.  A party's

failure to file written objections waives that party's right to challenge on appeal any

unobjected-to factual finding or legal conclusion the district judge adopts from the

Report and Recommendation.  *See* 11th Cir. R. 3-1.

Copies furnished to:

Counsel of Record
Unrepresented Parties